# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| NICHOLAS DANIEL BLAZEK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-MC-48-PRC |
| | ) | |
| CHARLES G. NAGY, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a "Complaint for Discovery" [DE 1], filed by Plaintiff Nicholas Daniel Blazek on November 20, 2017. With that filing, Blazek initiated this miscellaneous action.

Though titled as a "Complaint," Blazek seeks relief in the form of permission to conduct discovery as to the claims against him contained in an unfiled complaint drafted by Defendant Charles G. Nagy. There is no cause of action alleged in the "Complaint," and Blazek's request is before the Court in a miscellaneous action, not a civil action. A miscellaneous action is for "ancillary and supplementary proceedings not defined as civil actions." *Civil Procedures Manual for the Northern District of Indiana*, 175 (Jan. 5, 2018 ed.). If Blazek desired to bring a Complaint, then he should have filed it in a civil action and paid the associated filing fee. Because of the relief requested and because Blazek initiated a miscellaneous action, the Court construes the "Complaint" as a Motion to Conduct Discovery.

Blazek asserts that, "pursuant to Federal Rules 26-37 and/or Indiana Trial Rules 26-37," he should be permitted to conduct discovery because "there is a party claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse

party, is unable to file his complaint or answer." Compl. at ¶ 5, ECF No. 1.[1] Though Blazek invokes the federal rules, the quoted language allowing discovery is taken from Ohio Revised Code § 2317.48. Blazek's request is not well taken because the Federal Rules of Civil Procedure—which govern discovery in this Court—contemplate discovery only within the context of existing litigation, not potential future litigation. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's *claim or defense* and proportional to the needs *of the case* . . . ." (emphasis added)). Blazek has not shown a basis on which the Court can grant his request for pre-litigation discovery.

Based on the foregoing, the Court hereby **DENIES** the Motion to Conduct Discovery construed in the Complaint for Discovery [DE 1].

The Court **ORDERS** Blazek to serve copies of this Opinion and Order on O.N.E. a.k.a. Ortho Northeast and Nagy and to **FILE** proof of service with the Court.

Because the Subpoena contains information protected by Federal Rule of Civil Procedure 5.2(a), the Court **DIRECTS** the Clerk of Court to **SEAL** the Subpoena [DE 4] and to docket, unsealed, a copy of the Subpoena with Nagy's date of birth and Social Security Number redacted from paragraphs 1 and 2 on page 4.

SO ORDERED this 19th day of January, 2018.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

---

[1] Blazek contends that these circumstances allow him to "bring an action for discovery," Compl. ¶ 5, but the action for discovery that he invokes is a creation of Ohio state law, which is inapplicable here. *See* Ohio Rev. Code § 2317.48. Moreover, Blazek's request for discovery does not appear to meet the standard under the Ohio statute because Blazek represents that Nagy has not yet commenced the action against Blazek and because Blazek does not seek the discovery from Nagy—the purported adverse party.

2